Filed 4/1/21  P. v. Grace CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075433 |
| v. | (Super.Ct.Nos. INF044039, INF1401989) |
| JAMES MAURICE GRACE, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County. Harold W. Hopp, Judge. Reversed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

James Maurice Grace appeals from the trial court's order denying petitions to dismiss convictions in two of his cases. The People agree the trial court erroneously denied the petitions. We agree with the parties, reverse, and remand with directions.

## I.  FACTS

In 2003, Grace pleaded guilty to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), unlabeled statutory citations refer to this code). The court suspended imposition of sentence and placed Grace on summary probation. In 2015, Grace pleaded guilty to spousal abuse. (§ 273.5, subd. (a).) The court again suspended imposition of sentence and granted formal probation.

In January 2019, Grace filed petitions to dismiss both convictions under section 1203.4. The court denied both petitions, and Grace again filed petitions in June 2020 seeking the same relief. The court held a hearing on the petitions in July 2020, where it again denied both. At the hearing, the prosecutor admitted Grace had successfully completed probation in both cases but argued he was not entitled to relief because he had committed offenses after completion of probation.

Grace timely appealed.

## II.  ANALYSIS

Grace argues the trial court erred in denying the petitions filed in 2020 as he had completed all terms of probation and otherwise qualified for relief as required under section 1203.4. The People agree.

2

Under section 1203.4, a person may petition for relief if he has "fulfilled the conditions of his probation for the entire period." (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1459 (*Holman*).) If at the time of the petition the petitioner "is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense," (§ 1203.4) they are "entitled as a matter of right to the dismissal of the charge." (*Holman*, at p. 1459.)

The People agree Grace fulfilled the conditions of his probation in both cases at issue. They also agree that at the time of the 2020 petitions, he was not serving a sentence, on probation, or charged with a crime. Therefore, under section 1203.4 the trial court was required to dismiss the relevant convictions, and it was error to do otherwise.

## III.  DISPOSITION

We reverse the trial court's order denying Grace's petitions to dismiss his convictions. We remand to the trial court with directions to grant Grace's petitions and dismiss the convictions in case Nos. INF1401989 and INF044039.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

3